Love, Admx., Appellant, *v.* Fountas et al. d. b. a. The North Cafe, Appellees.

(No. 7142—Decided October 8, 1963.)

*Messrs. Wonnell & Zingarelli,* for appellant.
*Messrs. Waterman, Jaffy, Van Heyde & Taylor,* for appellees.

*Per Curiam.*   Emma Jean Love, administratrix of the estate of Richard B. Love, deceased, appellant herein, plaintiff below, hereinafter referred to as plaintiff, filed suit in the Columbus Municipal Court against Spirous and Mary Fountas, d. b. a. The North Cafe, 1297 West Third Avenue, Columbus, Ohio.

Plaintiff in her petition asked for damages in the amount of $4,967.05 against Spirous and Mary Fountas, d. b. a. The North Cafe, appellees herein, defendants below, contending that plaintiff's decedent came to his death as a result of intoxication caused by consuming eight double-shots of whisky allegedly sold to him in The North Cafe. After the suit was begun, successive petitions were filed, to each of which, including the fourth amended petition, demurrers were sustained.

The petition alleges that the sales of whisky were illegal under Section 4301.22 of the Revised Code and also under Section 2347.06 of the Columbus Municipal Code, but contains no allegation whatever with reference to Section 4399.01 of the Revised Code, sometimes referred to as the Black List Law.

The last-named section authorizes certain relatives, the employer or other person injured in person or property, to bring suit against persons selling intoxicants contrary to an order issued by the Department of Liquor Control. Under the terms of this statute those entitled to its benefits are authorized to have an excessive drinker placed upon a black list and when such an order is issued, suit is authorized against those selling liquor in violation of such order.

Several judges of the Columbus Municipal Court have passed upon the various petitions herein and have held that plaintiff in this action may not prevail for the reason that she has not alleged in any of the petitions filed any facts which bring her within the terms of Section 4399.01, Revised Code.

We have carefully examined the pleadings, briefs and cited authorities and have given consideration to the arguments of counsel and have reached the conclusion that the judgment of the Columbus Municipal Court in the case appealed from was correct, that no error intervened, and that the judgment of the court should be and hereby is affirmed and the cause remanded.

*Judgment affirmed.*

DUFFY, P. J., BRYANT and DUFFEY, JJ., concur.