OLVERSON, A MINOR, APPELLANT, v. BUTLER ET AL.,
APPELLEES.

[Cite as Olverson v. Butler (1975), 45 Ohio App. 2d 9.]

(No. 75AP-45—Decided June 26, 1975.)

*Weiner, Lippe, Cromley & McGinley Co., L. P. A.,* for appellant.

Messrs. *Smith, Clark & Holzapfel* and Mr. *Gary J. Gottfried,* for appellee James Butler.

Messrs. *Wright, Harlor, Morris & Arnold* and Mr. *James S. Oliphant,* for appellee Texaco, Inc.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County, granting defendant Texaco, Inc. (hereinafter referred to as Texaco) a summary judgment against plaintiff, the appellant (hereinafter referred to as plaintiff). The trial court expressly determined in its supplemental decision and entry that the summary judgment in Texaco's favor constitutes a final judgment, finding there is no just reason for delay in granting such final judgment (Civil Rule 54 [B]).

Plaintiff's Complaint reads as follows:

"1. Now comes the Plaintiff, by and through his Mother as next friend, and says that on/or about July 30, 1971, he was in the alley next to the property of the defendants, in the County of Franklin and State of Ohio when an explosion occurred on the property of the defendants.

2. Plaintiff, by and though (*sic*) his Mother as next friend, says that the explosion was the result of Defendant 1 or Defendant 2 or both Defendant's (*sic*) 1 & 2 wilfully, or recklessly or negligently acting in such a manner that caused the explosion.

"3. Plaintiff, by and through his Mother as next friend, further says that as a result of the explosion he was burned and otherwise injured and was left with permanent scars, suffered great pain of body and mind, and incurred expenses for medical and hospitalization in the sum of $495.85.

"Wherefore Plaintiff, by and through his Mother as next friend, Demands judgment against Defendant James Butler or Defendant Texaco, Inc. or against both in the sum of $100,000.00 and costs."

Texaco and defendant James Butler responded by general denials, and defendant Butler added the following defenses:

"*Affirmative Defense*

"The Defendant, James Butler, for want of information has no knowledge of the age of the Plaintiff, Randy Bernard Olverson, a minor, but alleges that the Complaint states a cause of action arising out of an incident of July 30, 1971, which cause of action acrued (*sic*) more than two (2) years before the commencement of this action.

"*Second Defense*

"The Complaint fails to state a claim against the Defendant, James Butler, upon which relief can be granted.

"Wherefore the Defendant, James Butler demands that the Complaint against him he dismissed."

Texaco moved for summary judgment and included an affidavit of Marvin L. Dimond, district sales manager for the Columbus district of Texaco, Inc. The first paragraph of the affidavit states as follows:

"Marvin L. Dimond, being first duly sworn, deposes and says that he is District Sales Manager for the Columbus District of Texaco, Inc., 1301 Dublin Road, Columbus, Ohio 43215, and is duly authorized to make the following statements on behalf of Texaco, Inc."

Attached thereto are Exhibits A, B, C and D, respectively, which are described in the affidavit in the following terms:

"Affiant says that on May 22, 1967, Texaco, Inc. entered into a Lease Agreement with James E. Butler of 897 East Fourth Avenue, Columbus, Ohio, whereby the latter leased the premises located at the southeast corner of Livingston and Kelton Avenues, Columbus, Ohio, for the period of June 30, 1967 through June 30, 1968 and thereafter from year to year. A true copy of said lease is attached hereto as 'Exhibit A'. Affiant says that said lease was duly renewed for the periods of June 30, 1968 through June 30, 1969; June 30, 1969 through June 30, 1970; June 30, 1970 through June 30, 1971. Affiant says that said lease was duly renewed for another term on June 30, 1971 but was cancelled on March 31, 1972. A true copy of said Cancellation of Lease is attached hereto as 'Exhibit B'.

"Affiant says that there was in full force and effect between Texaco, Inc. and James E. Butler, throughout 1971, the following additional agreements: Gasoline Storage and Withdrawal Agreement dated May 22, 1967 and Agreement of Sale of petroleum products dated May 22, 1967. True copies of such agreements are attached hereto and marked 'Exhibit C' and 'Exhibit D', respectively."

Plaintiff filed a motion to dismiss Texaco's motion. Whereupon, the trial court sustained the motion for summary judgment. Subsequently, this appeal was perfected, with the following assignment of error:

"The court committed prejudicial error by sustaining defendant Texaco's motion for summary judgment."

Fundamentally, summary judgment is governed by Civil Rule 56. The determinative rule in this appeal is Civil Rule 56(E) which reads, in relevant part, to wit:

"Supporting and opposing affidavits shall be made on *personal knowledge,* shall set forth such facts as would be admissible in evidence, and *shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies* of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith, * * *" (Emphasis added.)

The assertion that an affiant is "duly authorized" to make statements in an affidavit does not show personal knowledge to which he can affirmatively swear, or that he is competent to testify to the matters stated therein. It is essential that an affiant have personal, rather than second-hand, knowledge, and thus be in a position to know the facts stated in the affidavit. Therefore, considering the first paragraph of Mr. Dimond's affidavit, it becomes readily apparent that there is not compliance with the provisions of Civil Rule 56(E). Moreover, there is not a specific allegation in the affidavit that Mr. Dimond was employed in any capacity for Texaco July 30, 1971, when the alleged explosion occurred.

Finally, affiant states that the exhibits are true copies. Rule 56(E), as noted above, requires that such papers, or parts thereof, shall be "sworn or certified." Although it is not determinative in this case, we held, in *Real Estate Capital Corporation* v. *Centaur Corporation,* No. 73AP-137, Court of Appeals for Franklin County, August 28, 1973, that the paper itself need not include the sworn or certified statement, but it could be incorporated in the body of the affidavit. Therefore, Mr. Dimond's statement is in sufficient compliance with the rule. It, in effect, meets the requirement that an individual in a position to know has either, by certification or sworn statement, stated that the copy is true, and, at least by inference, correct.

In any event, for the foregoing reasons, plaintiff's assignment of error is well taken and sustained. Whereupon, the judgment of the trial court is reversed and remanded for further proceedings consistent with this decision.

*Judgment reversed.*

WHITESIDE and McCORMAC, JJ, concur.