BAIRD ET AL., APPELLANTS, *v.* ROACH, INC. ET AL., APPELLEES.

(No. 82AP-584—Decided February 1, 1983.)

*Mr. E. Bruce Hadden* and *Mr. Nicholas W. Zuk,* for appellants.

*Messrs. Lane, Alton & Horst* and *Mr. Gayle E. Arnold,* for appellee Roach, Inc.

*Mr. Michael J. Fusco* and *Mr. Donald L. Feinstein,* for appellee Newton.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Kenneth E. Harris,* for appellees Kautz and Katzendorn.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Mr. Robert L. Summers,* for appellee Passias.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Carl D. Smallwood,* for appellee McGill.

WHITESIDE, P.J. This action arises from a multiple-vehicle collision occurring on June 30, 1979. Defendants Kautz and Newton, employees of defendant Roach, Inc. ("Roach") attended and participated in Roach's annual picnic and were served and consumed alcoholic beverages. Kautz and Newton left the party to drag race and, while drag racing south on State Route 315 just north of the Delaware County line, one, or both, of their vehicles went left of center and collided with defendant Passias' northbound automobile in which plaintiff Susan Baird was a passenger. Baird received a fractured jaw, facial lacerations which required plastic surgery, and numerous other injuries.

The trial court dismissed plaintiffs' complaint as against Roach, finding that, as a matter of law, Kautz and Newton were not in the course of their employment at the time in question so that no liability could attach to their employer, Roach, for serving them alcoholic beverages at the annual picnic. The trial court made the requisite Civ. R. 54(B) finding and entered judgment for Roach. Plaintiffs appeal from this judgment and raise three assignments of error, as follows:

"1. The trial court erred in sustaining defendant Roach, Inc.'s motion to dismiss.

"2. The trial court erred in placing Ohio Civ. R. 54(B) language in the judgment entry.

"3. The trial court erred and abused its discretion in dismissing defendant Roach, Inc. without granting plaintiffs leave to amend their complaint."

The first assignment of error raises the issue of whether the trial court erred in sustaining the Civ. R. 12(B)(6) motion to dismiss of Roach. In connection with such a motion, only the allegations of the complaint may be considered, and the motion must be overruled unless from those allegations it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

The only allegations of plaintiffs' complaint pertaining to Roach are the second alleging it to be a corporation and the seventh, which states in pertinent part that:

"On information and belief, Defendants Newton and Kautz, immediately prior to operating their vehicles on the aforesaid Route 315, had attended a party sponsored by defendant Roach Incorporated on Powell Road in Powell, Ohio; said Defendants left the party at approximately the same time; said Defendants Newton and Kautz were racing their automobiles pursuant to an agreement reached at said party shortly prior to the aforesaid collision; * * *"

Such allegations lead to mere conjecture and speculation as to what is the nature or foundation of plaintiffs' claim against Roach. The only thing that is alleged is that defendants attended a party sponsored by Roach and entered into an agreement to drag race while at that party. Such allegation gives rise to no claim for relief as against Roach. Under these allegations, no set of facts could be proved which would entitle plaintiffs to recovery as against Roach. Additional allegations and bases for recovery would be necessary in order to state a claim for relief. For example, it would not be appropriate to present evidence that the other defendants were acting within the scope of employment with Roach since the allegations do not even suggest any employment exists. The trial court did not err in sustaining the motion to dismiss under the *O'Brien* test. The first assignment of error is not well-taken.

From the memoranda filed by plaintiffs in the trial court, as well as from the brief in this court, it is quite apparent that the claim of plaintiffs against Roach is predicated upon a claim for relief not alleged in the complaint. First, in the memoranda, it is made clear that plaintiffs contend that Newton and Kautz were employees of Roach and had attended a picnic and party sponsored by their employer, Roach, at which they were served intoxicating beverages. Apparently, although not specifically stated, it is also contended that Newton and Kautz became intoxicated while at the party and

that the resulting accident was proximately caused thereby. Thus, the crucial issue is that raised by the third assignment of error, namely, whether plaintiffs should have been entitled to amend their complaint. Any possibility of such amendment was foreclosed by the trial court's decision deciding the matter as if the complaint had made appropriate allegations. The trial court stated in its decision:

"The fact that an employer, at an off-premises function, serves alcohol to employees, does not render it liable for the acts of such employees while not attending to company business * * *. Nor does this case come within Ohio Revised Code Sections 4399.01 and 4301.22(B). These apply to a 'Sale' of alcoholic beverages to an obviously intoxicated person.

"* * * the hospitality of serving alcoholic beverages does not offend any of these statutory provisions and this statutorily created liability does not apply to private social parties."

R.C. 4399.01 provides that one injured by an intoxicated person has an action against the person selling or giving intoxicating liquor to such person if the Department of Liquor Control had issued a prior order prohibiting the sale of intoxicating liquor to such person. There had been no suggestion that Newton and Kautz had been so prohibited either by allegation in the complaint or indication in the briefs. Thus, R.C. 4399.01 does not afford a remedy to plaintiffs. R.C. 4301.22 prohibits the sale of intoxicating liquor to an intoxicated person. R.C. 4301.22(C) contains provisions similar to those in R.C. 4399.01, *supra*. Defendants, as did apparently the trial court, rely upon *State v. Linder* (1907), 76 Ohio St. 463, as establishing that these statutory provisions do not apply to mere hospitality in serving alcoholic beverages and that no liability arises against private social hosts. *Linder* does not so hold. Rather, it involved a criminal prosecution for violation of a statute prohibiting the selling, fur-

nishing or giving away of intoxicating liquor within the limits of a township or municipal corporation which had exercised the local option to be dry. The defendant was acquitted in a trial, and the prosecutor prosecuted error with respect to charges given indicating that the statute would not prevent one from serving intoxicating liquor in his own home. The Supreme Court sustained the exceptions of the prosecutor finding that the trial court had erred in giving such instruction, noting that, even if such an exception to application of the statute were appropriate, the facts upon which the exception is founded must be proved by evidence. The language relied upon by defendants appears in the trial court's charge which was found to have been erroneously given.

More recently, in *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29 [62 O.O.2d 346], the court held that R.C. 4399.01 is not the exclusive remedy for sale of intoxicating liquor to an intoxicated person. The court held that, at least with respect to a liquor permit holder, there are questions "whether the defendant continuing to serve liquor to the drunken patron created a danger to the decedent, whether defendant realized or in the exercise of reasonable care should have realized the danger to decedent, and whether the action taken by the defendant to protect the deceased patron from that danger was reasonable under all the circumstances. * * *" *Id.* at paragraph three of the syllabus.

The question before us, however, is whether the gratuitous serving of intoxicating liquor to another at a social or business occasion can render the giver of the liquor liable to a third person injured by the resultant conduct of the person to whom the liquor has been given. Although, as the parties indicate, there appears to be no clear Ohio authority, the general issue has been the subject of comment in Annotation (1966), 8 A.L.R. 3d 1412, Annotation (1980), 97 A.L.R. 3d

528, and in the article by Graham in (1980), 16 Willamette L. Rev. 561.

Generally, there is no liability for furnishing intoxicating liquor to an adult since the consumption of the liquor by that person is a responsible independent act for which the giver is not responsible, even if there be overindulgence. Thus, as stated in 45 American Jurisprudence 2d 852-853, Intoxicating Liquors, Section 553:

"At common law it is not a tort to either sell or give intoxicating liquor to ordinary able-bodied men, and it has been frequently held that in the absence of statute, there can be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the persons so furnished. The reason usually given for this rule is that the drinking of the liquor, not the furnishing of it, is the proximate cause of the injury. The rule is based on the obvious fact that one cannot become intoxicated by reason of liquor furnished him if he does not drink it."

As further indicated in American Jurisprudence 2d immediately following the above quotation, there are exceptions to the general rule where the consumption of the liquor by the person becoming intoxicated will not be deemed to be an independent intervening cause for which the seller or giver of the liquor is not responsible, it being stated at page 853:

"The common-law rule is qualified in some jurisdictions to the extent of giving a right of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished, where the liquor was given or sold to a person who was in such a condition as to be deprived of his willpower or responsibility for his behavior, or to a habitual drunkard, or in violation of a prohibitory statute. * * *"

The opinion in *Mason, supra,* recognizes the common-law principle as well as the exception thereto, stating at page 33:

"* * * This common-law principle

stemmed from the presumption that it was the consumption rather than the sale which constituted the proximate cause of the harm done the third party. This principle has diminished over the years, culminating in at least two possible exceptions, both of which are raised by the petition.

"On the one hand, the issue of proximate cause has been properly left to the jury where the allegations, supported by the evidence, are such that, to the seller's knowledge, the purchaser's will to refrain is so impaired that it is not possible for him to refrain from drinking the liquor when it is placed before him. * * *

"Alternatively, the sale of intoxicants has been determined to be the proximate cause of subsequent harm to a third party when such sale is contrary to statute. * * *"

Some courts have extended this principle to apply to social or business hosts furnishing liquor to their guests under circumstances where the host has reason to know that the person to whom the liquor is furnished has characteristics which make it likely that he will act in such a manner as to constitute a danger to third persons. This is especially true where intoxicating liquor is served to an obviously intoxicated person by one who knows that such intoxicated person will operate a motor vehicle on the highway and create a reasonably foreseeable risk of injury to others using the highway. See, *e.g., Wiener* v. *Gamma Phi Chapter of Alpha Tau Omega Fraternity* (1971), 258 Ore. 632, 485 P. 2d 18, which involved furnishing liquor to minors.

Assuming that the gratuitous serving of liquor to a social or business guest can give rise to liability on the part of the host under Ohio law, such liability would be imposed only where the host knew that the person to whom the liquor was furnished would consume it and either was, or would become, intoxicated and would probably act in such a manner while intoxicated as to create an unreasonable risk of harm to third persons. It is not necessary finally to resolve the issue of whether liability would be imposed in Ohio under such circumstances, not only does the complaint fail sufficiently to allege such circumstances, but they are not suggested by the record.

First, the complaint does not even allege that the drivers of the two vehicles engaged in drag racing were under the influence of alcohol, much less that they were so intoxicated that their action in voluntarily engaging in drag racing would not be a responsible intervening cause. Secondly, there is no suggestion that Roach knew that the two employees were intoxicated when the liquor was served to them or that they would consume such an amount that they would become intoxicated.

Plaintiffs further suggest that Kautz and Newton, being employees of Roach, were within the scope of their employment while attending the company picnic, relying upon *Kohlmayer* v. *Keller* (1970), 24 Ohio St. 2d 10 [53 O.O.2d 6], a workers' compensation case. Even assuming that the circumstances could be such that their employment encompassed attendance at the company picnic, this does not give rise to vicarious liability on the part of the employer under the doctrine of *respondeat superior* with respect to the activity described in the complaint. It is specifically alleged that the two employees in question left the company picnic for the express purpose of engaging in activity of their own, drag racing, presumably only for their own personal benefit and not for that of their employer. There is nothing to suggest the possibility that the drag racing itself constituted engaging in the business of the employer or was otherwise an act within the scope of employment.

In light of the fact that there was no express motion to amend the complaint, coupled with the limitations of the allegations in plaintiffs' memorandum opposing the motion to dismiss, we find no abuse of discretion on the part of the trial court in

not affirmatively affording an opportunity to plaintiffs to amend their complaint. Plaintiffs' statement at the conclusion of their trial court memorandum is only to the effect that "defendants Newton and Kautz were in the course and scope of their employment and were served alcoholic beverages by their employer while in an obviously intoxicated condition." Accordingly, the third assignment of error is not well-taken.

The second assignment of error raises only the issue of whether or not the trial court abused its discretion or otherwise erred in finding no just reason for delay in entering judgment in favor of Roach while the case remains pending against the other defendants. We find no abuse of discretion under the circumstances of this case. There is no indication of an interrelationship of liability between the various defendants of such a nature that plaintiffs' remedy against the remaining defendants would be prejudiced or hindered by the entering of judgment in favor of Roach prior to determining the liability of the other defendants. Accordingly, the second assignment of error is not well-taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.