POND, APPELLANT; FRANKLIN COUNTY DEPARTMENT OF HUMAN SERVICES, APPELLEE, *v.* CAREY CORPORATION ET AL., APPELLEES.

(No. 85AP-918—Decided June 12, 1986.)

*Ronald E. Plymale Co., L.P.A.,* and *Ronald E. Plymale,* for plaintiff-appellant.

*Michael Miller,* prosecuting attorney, and *Joan Robinson,* for plaintiff-appellee.

*Graham, Dutro & Nemeth* and *John C. Nemeth,* · for defendant-appellee Robert E. Curry, d.b.a. R.E.'s Draft House.

*Lane, Alton & Horst, John M. Alton* and *David B. Petrel,* for defendants-appellees Jerry L. Carey and Carey Corporation.

*Steve E. Hillman,* for defendant-appellee Dennis P. McCain.

*Donald B. Leach, Jr.,* for defendant-appellee Ohio State University Hospitals.

MITROVICH, J. This is an appeal from the Franklin County Court of Common pleas by appellant, Robert Pond, of claimed error because the court below sustained appellees' motions for summary judgment.

Appellant contends that on November 20, 1982, appellee Dennis P. McCain spent several hours in each of the co-appellees' taverns where he consumed a quantity of alcohol. McCain first spent two hours drinking beer at R.E.'s Draft House. The Draft House is operated by appellee Robert E. Curry. Appellant contends McCain was quite intoxicated when he left the Draft House. McCain proceeded to the Riverboat Saloon on Rome-Hilliard Road, operated by appellees Carey Corporation and Jerry L. Carey. Appellant contends further that, although McCain was already intoxicated, the bartender served him and further provided free drinks to him, in contravention of the law. During the one-and-one-half to two-hour stay in the Riverboat Saloon, McCain consumed eight to ten drinks.

McCain left the second tavern in a motor vehicle and, while operating the vehicle on Rome-Hillard Road, drove his vehicle into the appellant while he and others were pushing a disabled vehicle. Appellant contends the force of impact was so great, due to the high rate of speed, that it caused the disabled vehicle to be hurled one hundred feet down the road from the point of impact.

McCain told the investigating police officer and others that he had no memory of the events after leaving the Riverboat Saloon.

Appellant filed suit in the Franklin County Court of Common Pleas naming as defendants-appellees, Carey Corporation, Jerry L. Carey, Robert

E. Curry (d.b.a. R.E.'s Draft House), and Dennis P. McCain. The complaint properly set out the negligence of the driver as well as alleged violations of specific statutes by the tavern operators in that they both served intoxicating liquors to an intoxicated person, *i.e.*, McCain, which activity proximately caused the injury to the appellant.

Robert E. Curry filed an answer which did not contain an affirmative defense or objection that the complaint failed to state a claim upon which relief could be granted. Carey Corporation and Jerry L. Carey filed a consent to move or plead, and Dennis P. McCain filed an answer. Carey Corporation and Jerry L. Carey filed a motion pursuant to Civ. R. 12(B)(6) requesting dismissal as parties-defendant for failure of appellant to state a claim upon which relief could be granted. Curry then made a similar motion citing the same grounds as had Carey Corporation and Jerry L. Carey.

Subsequently, Carey Corporation and Jerry L. Carey filed a motion for summary judgment on the same grounds stated in their previous motion to dismiss. The motion for summary judgment was made without supporting affidavits or other documentary evidence. Appellant responded with an opposing memorandum stating he would stand upon his earlier response to the motion to dismiss. R.E. Curry then filed a similar motion for summary judgment parallel to the earlier motions to dismiss. However, Curry's motion was accompanied by an affidavit. The trial court granted both motions for summary judgment. Appellant's first assignment of error states:

"The trial court erred in granting summary judgment pursuant to Civil Rule 56 without proper evidentiary support and solely on an issue of law."

We find that appellant's first assignment of error is with merit.

Civ. R. 8(A) requires that the pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Civ. R. 8(E) requires the pleading to be concise and direct, while Civ. R. 8(F) requires that "[a]ll pleadings shall be so construed as to do substantial justice." It has been held many times in Ohio that all pleadings must be liberally construed to do substantial justice. This requirement grows out of the adoption of the Civil Rules which abrogated the old system of pleading with specific precision, where much effort was expended in playing word games. The current Civil Rules were designed to permit a more simplified approach to pleading, and evolved as a response to the earlier rules, which emphasized highly technical form over substance.

Appellant's complaint, when viewed with respect to the minimum requirements of the Civil Rules, more than adequately sets forth the operative grounds underlying his claim. Appellant pleads violation of R.C. 4301.22(B) and (C) by the appellees. Violation of a statute in Ohio is negligence *per se*. *Taggart* v. *Bitzenhofer* (1972), 35 Ohio App. 2d 23, 64 O.O. 2d 157, 299 N.E. 2d 901, affirmed (1973), 33 Ohio St. 2d 35, 62 O.O. 2d 372, 294 N.E. 2d 226. However, in addition, appellant does properly plead negligence and proximate cause.

Thus, unless an opposing party can produce evidence which on its face subordinates the pleadings of the plaintiff, it cannot be said that there is no disputable issue of fact. A decision on the law cannot act as a substitute or supplant a decision on the facts.

In the case *sub judice*, the trial court granted summary judgment pursuant to Civ. R. 56. The court found no issue of fact, but decided the matter based upon the legal issues. Such a decision is clearly erroneous. If a dismissal is warranted for failure to

state a cause of action, the issue is then one of law and not fact, and Civ. R. 12(B)(6) is applicable. In such case, the court is limited to the "four corners" of the pleading in making its determination. *O'Brien* v. *Univ. Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753. The inquiry, therefore, must be based on the facts and allegations as made in the complaint as related to the cause of action.

The trial court specifically ruled that since R.C. 4399.01 had not been complied with as related to R.C. 4301.22, the appellant is not entitled to recover from appellees.

Carey Corporation and Jerry L. Carey had not filed an answer, but properly moved to dismiss under Civ. R. 12(B)(6), which placed in issue the legal sufficiency of appellant's pleading. Apparently this motion was not ruled upon by the court and, when new counsel entered the case, a motion for summary judgment was filed. A motion for summary judgment, under Civ. R. 56, does not test the legal sufficiency of the pleadings but is a factual inquiry. Civ. R. 56(C) provides, in part:

" * * * No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Because this court finds appellant's pleading legally sufficient, the inquiry under Civ. R. 56 must then be on the facts. Considering the evidence before it, the court below could not have reached the conclusion that there were no facts upon which reasonable minds could come to but one conclusion.

Civ. R. 56(E) demands that supporting affidavits "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify * * *."

R. E. Curry also filed a motion for summary judgment, but such motion was improperly filed in the first instance and should have been denied by the trial court. Curry attached an affidavit in support of his factual position, but the affidavit was ineffective under the rule. Curry's affidavit was not based on personal knowledge, was not information or testimony which could have been admitted at trial, and in these two instances, the testimony could not have been completely elicited from Curry. The affidavit of Curry was hearsay and, thus, not competent testimony which could have been admitted at trial; nor are there any exceptions under which it might have been admitted as it was in fact presented, *i.e.*, for the truth of the matter. *Olverson* v. *Butler* (1975), 45 Ohio App. 2d 9, 74 O.O. 2d 11, 340 N.E. 2d 436. Therefore, the motion for summary judgment by Curry was filed without a supporting affidavit or other evidence in accordance with Civ. R. 56(E). Failure to support a motion for summary judgment with an affidavit is not of itself fatal as the rule provides movant "may" provide supporting affidavits. However, there must be other sufficient evidence upon which the court could reach a conclusion regarding the facts in order to properly rule that there were no issues upon which reasonable minds could differ. The record is devoid of such evidence, and this court can only conclude, for the purpose of the motion for summary judgment, that it does not exist.

The Ohio Supreme Court has ruled that a party against whom a motion for

summary judgment is filed may not rest upon his pleadings but must actively oppose the movant's efforts. *Savransky* v. *Cleveland* (1983), 4 Ohio St. 3d 118, 4 OBR 364, 447 N.E. 2d 98. This does not mean, however, that there must be a response to evidence which is improper or which is outside the rule. Unless and until the movant has properly supplied the court with evidentiary materials to meet the test of the rule, the nonmoving party has no burden to oppose the movant or supply contra evidence, in order to avoid an adverse ruling. *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 10 OBR 386, 461 N.E. 2d 133.

Thus, the court below did not reach the factual issues presented by Carey Corporation and Jerry L. Carey, as it decided the motion for summary judgment on the law. In the case of Curry's motion for summary judgment, the court granted the motion without a sufficient evidentiary basis. For these reasons, appellant's first assignment of error is well-taken.

Appellant's second assignment of error asserts the following:

"Summary Judgment was improperly granted where the Court had nothing to consider but the pleadings and the pleadings allege that plaintiff suffered injury and damage proximately resulting from defendants' violation of R.C. Section 4301.22."

The thrust of appellant's argument is that the court below indiscriminately applied *Love* v. *Fountas* (1963), 119 Ohio App. 501, 28 O.O. 2d 100, 200 N.E. 2d 715, as a complete bar to recovery. Indeed, the court below referred to that case as the basis of its decision.

The *Love* case holds that an allegation of a violation of R.C. 4301.22 must carry with it an assertion that R.C. 4399.01 applied to plaintiff, before liability can occur under R.C. 4301.22.

Appellant contends *Love* is no longer applicable to the case at bar, and we agree.

The leading Ohio cases which abrogate the rule of *Love, supra,* are *Mason* v. *Roberts* (1973), 33 Ohio St. 2d 29, 62 O.O. 2d 346, 294 N.E. 2d 884, and its companion case, *Taggart* v. *Bitzenhofer* (1973), 33 Ohio St. 2d 35, 62 O.O. 2d 372, 294 N.E. 2d 226. Both cases have fact situations similar to each other, but both are distinguishable from the case *sub judice* in that *Mason* and *Taggart* deal with the barkeeper's responsibility to deal with intoxicated patrons while on the tavern premises. The case before us, on the other hand, deals with the duty of a barkeeper selling intoxicants to a patron who leaves the premises while intoxicated, and injures a third party with a motor vehicle away from the tavern premises. However, though differing in facts, the cases deal with the same issues that confront this court concerning R.C. 4399.01 and 4301.22 (B) and, in addition, parallel the procedural facts. In both *Mason* and *Taggart, supra,* motions for summary judgment were granted because the intoxicated patron's name did not appear on the Department of Liquor Control's "blacklist" pursuant to R.C. 4399.01.

We feel the opinion of *Mason* disposes of the matters before this court and reinforces the position of the Ohio Supreme Court regarding the application of R.C. 4399.01 in that it is no longer a defense to actions brought under R.C. 4301.22(B). R.C. 4301.22 (B) is a separate statute and its violation creates separate causes of action wholly unrelated to R.C. 4399.01. It bears repeating that violation of a statute is negligence *per se.* It is clear from reading *Mason* that the Ohio Supreme Court intended to hold responsible those who dispense intoxicants to third persons where the injury is the proximate result of such activity.

The Supreme Court quoted the language used by Judge Putman in his court of appeals decision in the same case:

" * * * 'The manifest purpose of the enactment of the so-called blacklisting statutes was to increase public protection by imposing absolute or strict liability in those cases. It defeats the real purpose of the enactment of the blacklisting statute to twist it into an immunity bath for all other cases.' * * *" *Id.* at 32, 62 O.O. 2d at 348, 294 N.E. 2d at 887.

The Supreme Court further stated in *Mason, supra,* that it was not sound legal theory, nor was it public policy to apply R.C. 4399.01 as a defense prohibiting any other cause of action. Such a theory protects the wrongdoer at the peril of the innocent. Public policy demands the health, safety, and welfare of the people to be considered. The purpose of the several statutes is to place a duty on the bartender to observe and know when a person is intoxicated. *Kemock* v. *The Mark II* (1978), 62 Ohio App. 2d 103, 16 O.O. 3d 254, 404 N.E. 2d 766.

The facts of *Kemock* again run parallel to the case *sub judice* in the sense that the patron in that case was intoxicated upon leaving the establishment and killed himself when his automobile struck a tree. The court held that, if proximate cause is present, a duty is created. That duty to observe and determine the effects of alcohol carries with it the obligation to know and appreciate that in modern society the intoxicated patron is likely to remove himself from the premises by the use of an automobile.

In *Tomlinson* v. *McCutcheon* (N.D. Ohio 1982), 554 F. Supp. 186, the court cited and analyzed all pertinent cases decided in Ohio prior to its decision in order to determine the status of Ohio law. The facts of *Tomlinson* are directly related to the instant case, and the court, upon analysis, reached the conclusion that "[R.C.] 4301.22(B) was enacted for the protection of the general public, that violation of the statute constitutes negligence *per se,* and that plaintiffs are within the class of persons intended to be protected by the statute * * *." *Id.* at 190. The court went on to explain that "the law of Ohio imposes liability upon a tavern keeper who serves intoxicants to an intoxicated person, and thereby proximately causes injury or damage to another." *Id.*

Furthermore, this court in *Baird* v. *Roach, Inc.* (1983), 11 Ohio App. 3d 16, 11 OBR 27, 462 N.E. 2d 1229, ruled that even gratuitous serving of intoxicants might lead to liability where the dispenser knew that consumption probably created an unreasonable risk of harm to third persons. Such a theory is far removed from the concepts and statutes discussed in the case at hand, but the significant point is that current legal thought recognizes the responsibility of those serving intoxicants even in the private sector, which heretofore has enjoyed complete immunity.

The shift in posture is not unique to Ohio. Since *Love* v. *Fountas, supra,* decided in 1963, twenty-four states have reviewed similar "dram shop" laws and have ruled in favor of liability of the commercial dispenser. Many states are as highly industrialized and progressive as Ohio. See *Sorensen* v. *Jarvis* (1984), 119 Wis. 2d 627, 350 N.W. 2d 108, for a discussion of two cases decided in 1970 and 1979, respectively, which supported nonliability, and for a list of the states which have opted for liability.

Under the authority cited above, this court can reach no other conclusion but that the court below improperly granted the motions for summary judgment in both instances. Appellant's second assignment of error is well-taken.

For the foregoing reasons, both assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, P.J., and McCORMAC, J., concur.

MITROVITCH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.