Defendant-tenants Richard and Monita Chancellor appeal a forcible entry and detainer order entered by the municipal court in favor of plaintiff-landlord the United States Secretary of Housing and Urban Development. The issues raised in this appeal concern jurisdictional defects and trial errors.
The evidence brought out at the hearing showed that defendant Richard Chancellor and his former wife bought a house in 1988, and financed the purchase with a home mortgage. Sometime in 1995, defendant could not make a full payment to the mortgage company. He apparently tried to make payments equal to one-half the monthly mortgage payment, but the mortgagee would not accept those payments and returned his checks.
It appears the mortgage had been subsidized in part by the Department of Housing and Urban Development ("HUD"). When defendant defaulted on the loan HUD took title to the property in a non-judicial foreclosure sale conducted in October 1996. In September 1997, HUD filed this forcible' entry and detainer action in the municipal court.
A magistrate heard the matter. Defendant admitted he received notice to vacate the premises, but questioned HUD's claim to title in the non-judicial foreclosure sale. In findings of fact and conclusions of law, the magistrate refused to address HUD's right to title, finding HUD's acquisition of title immaterial to the issues raised in a forcible entry and detainer action. The magistrate concluded that HUD's demonstration of title, no matter how acquired, gave it the present right to possession of the premises and entered judgment in HUD's favor. Defendants did not object to the magistrate's decision, and the court approved it as submitted.
As a preliminary matter, HUD suggests we affirm the appeal as being moot since defendants have vacated the premises. Following the judgment in HUD's favor, the court stayed execution of the forcible entry and detainer order upon the condition that defendants post a monthly cash bond equivalent to the fair rental value of the property. Defendants did not post bond, so the court terminated the stay, issued a writ of restitution and defendants vacated the premises.
In Seventh Urban, Inc. v. University Circle (1981), 67 Ohio St.2d 19,25, fn. 11, the court cited R.C. 1923.03 and noted that forcible entry and detainer actions decide the right to immediate possession of the property "and nothing else." Once a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord. Hence, a tenant's voluntary vacation of the premises renders a forcible entry and detainer action moot. SeeReck v. Whalen (1996), 11 Ohio App.3d 16; Crossings Dev. Ltd.Partnership v. H.O.T., Inc. (1994), 96 Ohio App.3d 475.
In this case, the record shows that a writ of restitution had been executed and defendants vacated the premises. HUD has thus been restored to the premises, and this court can render no further relief to HUD on its complaint. Defendants have no quarrel with this conclusion, having noted in their emergency motion for a stay of eviction proceedings that this court's failure to stay the eviction would moot the appeal. See Emergency Motion for Stay of Proceedings with Regard to Eviction, at 2. Accordingly, we find the appeal moot and affirm on that basis[1]. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. JAMES D. SWEENEY, J., CONCUR.
 _______________________________ JUDGE JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Even if this appeal were not moot, we would nonetheless affirm for the reason that defendants failed to object to the magistrate's decision. Civ.R. 53(E)(3)(b) states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." SeeDeegan v. Deegan (Jan. 29, 1998), Cuyahoga App. No. 72246, unreported.