DECISION ON MOTION FOR SUMMARY JUDGMENT AND/OR MOTION TO DISMISS
{¶ 1} Petitioner, Keith A. Ward, Sr., has filed an original action in prohibition requesting this court to issue a writ of prohibition to order respondent, Ohio Adult Parole Authority ("APA"), to refrain from placing him on post-release control after he serves his prison sentence for two counts of felonious assault. The APA filed a "motion for dismissal or summary judgment," pursuant to Civ.R. 12(B)(6) or Civ.R. 56, respectively.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Although the magistrate submitted the matter on the summary judgment motion, the magistrate ultimately decided that the APA's motion to dismiss should be granted. Neither party has filed objections to the magistrate's decision.
 {¶ 3} As indicated in the magistrate's findings of fact, petitioner pled guilty to two counts of felonious assault. The trial court noted in its sentencing entry that petitioner "will/may serve a period of post release control." (May 17, 2001 judgment entry.) Thereafter, the APA notified petitioner that "[a]s a result of the 05/11/2004 assessment, it has been decided that the above inmate WILL NOT BE PLACED under Post Release Control." (May 11, 2004 PRC Results Notification.) Subsequently, the APA sent petitioner a notice marked "REVISED," indicating "[a]s a result of the 05/11/2004 assessment, it has been decided that the above inmate WILL BE PLACED under Post Release Control." (May 14, 2004 PRC Results Notification.) Petitioner then pursued this prohibition action.
 {¶ 4} The magistrate decided that petitioner's action should be dismissed pursuant to Civ.R. 12(B)(6), which allows a court to dismiss a case if the pleader fails to state a claim upon which relief can be granted. The magistrate reasoned that a writ of prohibition does not afford relief against the APA's decision to impose post-release control.
 {¶ 5} A writ of prohibition is an extraordinary judicial writ that restrains courts and tribunals from exceeding their jurisdiction. Stateex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 73. To be entitled to a writ of prohibition, the petitioner must establish that: (1) the respondent is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543, 544.
 {¶ 6} In seeking a writ of prohibition, petitioner claims that the APA has no authority to impose post-release control because it was not part of his criminal sentence. However, an action for a writ of prohibition is not proper to challenge the APA's decision to impose post-release control. State ex rel. McGrath v. Ohio Adult Parole Auth.,100 Ohio St.3d 72, 2003-Ohio-5062, at ¶ 7. The APA is not exercising a judicial or quasi-judicial function by imposing post-release control. Id. Rather, "post-release control is part of the original judicially imposed sentence." Woods v. Telb (2000), 89 Ohio St.3d 504, 512. The APA imposes post-release control after the trial court incorporates it in the original sentence. See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 19. Because the APA is not exercising a judicial or quasi-judicial function when imposing post-release control, petitioner has failed to establish a requisite element to warrant a writ of prohibition. Therefore, petitioner is not entitled to a writ of prohibition and the APA's motion to dismiss is granted because petitioner failed to state a claim upon which relief can be granted.
 {¶ 7} We recognize that the magistrate did not rule on the APA's motion for summary judgment. "A motion for summary judgment, under Civ.R. 56, does not test the legal sufficiency of the pleadings but is a factual inquiry." Pond v. Carey Corp. (1986), 34 Ohio App.3d 109, 111. Thus, "[i]f a dismissal is warranted for failure to state a cause of action, the issue is then one of law and not fact, and Civ.R. 12(B)(6) is applicable." Id. at 110-111. We previously rendered moot a respondent's motion for summary judgment upon granting an alternatively filed motion to dismiss. State ex rel. Barbee v. Bureau of Workers' Comp., Franklin App. No. 01AP-1266, 2002-Ohio-6279, at ¶ 5. Likewise, here, our decision to grant the APA's motion to dismiss renders moot the APA's motion for summary judgment.
 {¶ 8} Because petitioner seeks to declare the APA's actions illegal and seeks to prevent the APA from imposing post-release control, his true objectives are a declaratory judgment and a prohibitory injunction.McGrath, at ¶ 6.
 {¶ 9} Therefore, following a review of the magistrate's decision, and an independent review of the evidence, we find that the magistrate properly determined the pertinent facts and applied the relevant law, and we adopt the magistrate's decision as our own. As a result, the APA's motion to dismiss is granted, the motion for summary judgment is rendered moot, and petitioner's action is dismissed.
Motion to dismiss granted; case dismissed.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Keith A. Ward, Sr., :
 Petitioner, :
v. : No.
04AP-847 Ohio Adult Parole Authority, : (REGULAR CALENDAR)
 Respondent. :
 MAGISTRATE'S DECISION Rendered on October 6, 2004 Keith A. Ward, Sr., pro se.
Jim Petro, Attorney General, and Todd R. Marti, for respondent.
In Prohibition
 ON MOTION FOR SUMMARY JUDGMENT {¶ 10} Petitioner, Keith A. Ward, Sr., has filed this original action requesting that this court issue a writ of prohibition ordering respondent Ohio Adult Parole Authority ("APA") to refrain from imposing a period of post-release control on him at the expiration of his prison term.
Findings of Fact:
 {¶ 11} 1. Petitioner is an inmate currently incarcerated at London Correctional Institution.
 {¶ 12} 2. Petitioner pled guilty to two counts of felonious assault. Pursuant to the waiver/plea signed by petitioner, he had been informed by the trial court that he could be fined up to $15,000 per count; he could be sentenced to a prison term of two to seven years per count; he would be subject to a period of post-release control for up to five years and prison terms up to the period of post-release control or one-half the total terms originally imposed, whichever is greater, for violations of post-release control; he is eligible to be sentenced to community control sanctions for a period up to five years, which could include incarceration; and that he understood that, for violations of community control sanctions, he could be required to serve prison terms up to eight years per count. This form was signed by petitioner and counsel representing him.
 {¶ 13} 3. On May 15, 2001, petitioner appeared before Judge John P. Petzold of the Montgomery County Court of Common Pleas. At that time, the trial court sentenced him to serve a prison term of four years for each count, gave him credit for 69 days spent in confinement, indicated that he was not eligible for placement in a program of shock incarceration, and further advised him that following his release from prison, he will/may serve a period of post-release control under the supervision of the parole board. Furthermore, the entry informed petitioner that, upon a violation of any post-release control sanction or any law, the APA may impose a more restrictive sanction on him by increasing the length of post-release control or imposing an additional nine months' prison term for each violation for a total of up to 50 percent of the original sentence imposed by the court.
 {¶ 14} 4. Thereafter, petitioner began serving his prison term.
 {¶ 15} 5. On August 20, 2004, petitioner filed the instance action in prohibition asking this court to order the APA to refrain from imposing post-release control sanctions on him.
 {¶ 16} 6. Respondent has filed a motion for dismissal or summary judgment.
 {¶ 17} 7. Petitioner has filed a response to respondent's motion.
 {¶ 18} 8. The matter is currently before the magistrate on motion for summary judgment.
Conclusions of Law:
 {¶ 19} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, petitioner must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) that denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543. For the following reasons, petitioner is not entitled to a writ of prohibition.
 {¶ 20} First, the APA is not about to exercise judicial or quasi-judicial power. However, to the extent that petitioner believes, albeit mistakenly, that the APA is unilaterally enlarging his sentence, this magistrate can see how petitioner would perceive that this was the best course of action for him to pursue. However, in this instance, the APA can only carry out the sentence imposed by the trial court.
 {¶ 21} Second, upon review of the waiver and plea form signed by petitioner himself and his counsel, it is clear that petitioner was informed that he could be sentenced up to five years of post-release control after he had served four years on each count. Further reference to the trial court's entry indicates that, in the event that petitioner violated any post-release control sanction or any law, the APA could impose a more restrictive sanction on petitioner, including increasing the length of post-release control, or imposing an additional nine months prison term for each violation for a total of up to 50 percent of the original sentence imposed by the trial court.
 {¶ 22} Petitioner attached to his complaint two forms, one indicating that he was not going to be placed under post-release control, and a second indicating that he would be placed under post-release control. The second one was clearly marked "revised." The fact that the APA mistakenly provided petitioner a form indicating that he would not be released on post-release control sanctions does not take away from the trial court's entry, wherein petitioner was clearly informed that he would be subject to post-release control sanctions.
 {¶ 23} For the foregoing reasons, it is the magistrate's decision that respondent is entitled to judgment as a matter of law as petitioner can prove no set of facts entitling him to relief, and this court should grant respondent's motion to dismiss and dismiss petitioner's complaint accordingly.