118

SAVRANSKY, EXRX., APPELLANT, *v.*
CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as Savransky *v.* Cleveland (1983), 4 Ohio St. 3d 118.]

(No. 82-579—Decided April 13, 1983.)

*Mr. Milt Schulman,* for appellant.

*Mr. James E. Young,* director of law, *Mr. Richard B. Mills, Mr. John D. Maddox* and *Mr. Michael A. Pohl,* for appellee city of Cleveland.

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. Edward J. Cass* and *Mr. Alton L. Stephens,* for appellees Park Central Assoc. et al.

*Per Curiam.* Although appellant presents five propositions of law, the dispositive question is whether appellant's responses to appellees' motions

for summary judgment "set forth specific facts showing that there is a genuine issue for trial" as required by Civ. R. 56(E). Civ. R. 56(E) states in pertinent part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In support of its motion for summary judgment, Central attached the deposition of a police officer who had interviewed the assailants. The deposition indicated that the structure in question did not play a part in the assailants' selection of a place to commit their crime.[1] Appellant did not respond to Central's motion or offer evidence to rebut the officer's deposition. Thus, appellant rested upon the mere allegations of her pleadings, instead of setting forth specific facts showing that there was a genuine issue for trial. Accordingly, the court of appeals did not err in holding that "in [the] absence of any evidence disputing the allegations of the defendant [Central], * * * summary judgment was properly granted."

Appellant's allegations against the city were premised on R.C. 5589.01[2] and 723.01.[3] With respect to appellant's contention that R.C. 5589.01 had

---

[1] The detective's deposition contained the following statements:

"Q. They [the criminals] indicated to you that they had been driving around that night looking for someone to rip off; is that right?

"A. That's correct.

"Q. Did they indicate to you where it was that they were driving around looking for victims?

"A. I believe they had been driving around on the East Side and maybe some downtown area.

"Q. The area in which they were driving around looking for victims was not confined to the Park Centre area then?

"A. No, I don't believe so.

"Q. Well, how long was it that these three individuals were cruising the downtown area looking for someone to rip off before this incident occurred?

"A. I believe it was since about 9 p.m.

"Q. A couple of hours or so?

"A. Right."

At another point the deposition colloquy stated:

"Q. Now, to get straight in my own mind an earlier question I asked you — tell me if this is true or not — as best as you were able to determine from your investigation, these perpetrators did not select this particular place as the site of the crime because of any concealment this ramp may have afforded them. Is that right?

"A. That's right."

[2] R.C. 5589.01 provides:

"No person shall obstruct or encumber by fences, buildings, structures, or otherwise, a public ground, highway, street, or alley of a municipal corporation."

[3] R.C. 723.01 provides:

"Municipal corporations shall have special power to regulate the use of the streets. The

been violated, with liability arising therefrom, the court below stated that "[t]he penalty for a violation of R.C. § 5589.01 is clearly spelled out in R.C. § 5589.09 and includes a fine, the violation being a misdemeanor of the third degree." The court of appeals determined, correctly, that R.C. 5589.01 is not "a basis for recovering damages in a civil suit." Therefore, the summary judgment entered for the city on this ground was proper.

The court below addressed appellant's argument based on R.C. 723.01 as follows:

"Plaintiff-appellant merely alleged that the Park Centre structure which the City permitted to be constructed and maintained, constituted a nuisance. She placed nothing in the record demonstrating the truth of this allegation. For example, plaintiff alleged that a taxpayer notified the City in 1973 that this encroachment constituted a public nuisance in violation of state law, yet she submitted no affidavit or evidence in support of her contention. * * * Thus, plaintiff failed to satisfy her burden and summary judgment was properly granted." We agree.

Appellant's basic contention is that the encroaching structure constituted a public nuisance because it made crimes easier to commit. Yet, appellant put nothing on the record, apart from the unsupported allegations contained in her original complaint and repeated in her response, to support her theory. Moreover, there is nothing to suggest in the many previous cases in which we have been called upon to construe R.C. 723.01 that the section in question is a crime-prevention statute.[4] In the absence of "specific facts showing that there is a genuine issue for trial," and further, in the absence of any indication that the legislative intent underlying R.C. 723.01 is to reduce crime, summary judgment was appropriate in this cause.

For the reasons hereinbefore stated the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.

---

legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the municipal corporation, and shall cause them to be kept open, in repair, and free from nuisance."

[4] See, *e.g.*, *Hunter* v. *Cleveland* (1976), 46 Ohio St. 2d 91 [75 O.O.2d 160]; *Joseph* v. *Portsmouth* (1975), 44 Ohio St. 2d 155 [73 O.O.2d 456]; *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171 [72 O.O.2d 95]; and *Gabris* v. *Blake* (1967), 9 Ohio St. 2d 71 [38 O.O.2d 199].