## Becker v. Shaull
*[Cite as 7 AOA 135]*

*Case No. CA-2716*
*Richland County, (5th)*
*Decided September 5, 1990*

*James A. Calhoun, Calhoun, Benzin, Kademenos & Heichel, 6 West Third Street, Suite 200, Mansfield, Ohio 44902, for Plaintiffs-Appellants.*

*Gary A. Piper, 500 Richland Trust Building, Mansfield, Ohio 44902, Jeffrey L. Molyet, P.O. Box 728, Mansfield, Ohio 44901 and Wayne P. Hohenberger, 24 West Third Street, Mansfield, Ohio 44902, for Defendants-Appellees.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Richland County, Ohio, entered on a jury verdict in favor of defendants-appellees Thomas M. and Dorothy G. Henson (Hensons) and defendant-appellee Clayton Long (Long) and in favor of plaintiffs-appellants Walter C. and Roberta Becker (appellants); also against defendant Alice E. Shaull (Shaull) and in favor of appellants as to their cause of action against her. Only the portion of the judgment pertaining to the Hensons and Long is before us.

This cause arose out of an automobile accident. Shaull was headed west on Hanley Road in Mansfield when her auto slid out of control on a patch of ice in front of property owned by the Hensons. Appellant Walter Becker was travelling east on Hanley Road. Shaull's auto went across the center line and struck the appellant's auto head-on, causing him serious injuries. Appellants' complaint alleged that Shaull was negligent in failing to control her auto. It also alleged that the Hensons had negligently regraded their property some years previously, changing the contour of the land and filling a shallow ditch along Hanley Road. Appellants allege that this in turn diverted water run-off onto Hanley Road, causing the icy spot that Shaull hit.

At trial, the court refused to give eight jury instructions proposed by appellants. Those jury instructions pertain to negligence *per se* and nuisance regarding the alleged actions of the Hensons and Long, Long being the workman who did the regrading. The jury found Shaull liable, but not the Hensons or Long.

Appellants assign to errors to the trial court:

"ASSIGNMENT OF ERROR NO. I

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO GIVE AN INSTRUCTION TO THE JURY INDICATING THAT ONE WHO ALTERS, CONSTRUCTS OR GRADES HIS PREMISES WITHIN THE COUNTY RIGHT-OF-WAY SO AS TO ELIMINATE A PRE-EXISTING DITCH OR CAUSE A DIVERSION, DISCHARGE, OR ACCUMULATION OF WATER IN A PUBLIC WAY IS STRICTLY LIABLE TO THOSE INJURED BY SUCH RUNOFF IN THE USE OF SUCH PUBLIC WAY.

"ASSIGNMENT OF ERROR NO. II

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO GIVE AN INSTRUCTION TO THE JURY ON THE ISSUE OF NUISANCE WHEN THERE IS EVIDENCE THAT THE DEFENDANTS ENTERED INTO THE PUBLIC RIGHT-OF-WAY AND CHANGED A PRE-EXISTING DITCH, CAUSING WATER RUN-OFF ONTO THE ROADWAY WHICH SUBSEQUENTLY FROZE AND RESULTED IN INJURIES TO THE PLAINTIFF."

R.C. 5589.06 states:

"No person shall wrongfully obstruct any ditch, drain, or watercourse along, upon, or across a public highway, or divert any water from adjacent lands to or upon a public highway."

R.C. 5589.06 is a criminal statute, the violation being a minor misdemeanor.

The Hensons and Long cite the case of *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118. In *dicta*, the Supreme Court said that R.C. 5589.01 is not a basis for recovering damages in a civil suit. We find *Savransky* distinguishable.

In *Savransky*, plaintiff's decedent was murdered by an armed robber on a pedestrian walkway in Cleveland. The walkway was partly hidden from view by a parking ramp owned by a private partnership. The ramp encroached some fourteen feet and had been built pursuant to a city permit and ordnance. Plaintiff sought to recover from the owner of the ramp, and from the city, arguing that the ramp was a nuisance because it made crimes easier to commit. The Supreme Court approved the judgment entered in favor of the city on the basis that the statute in question did not give plaintiff a basis for recovering in a civil suit. The Supreme Court also held that R.C. 723.01, the nuisance statute, was not enacted to reduce crime.

Here, appellants do not seek to hold any public officials liable for failing to enforce R.C. 5589.06. Rather, they attempt to hold those persons who allegedly violated the statute accountable for the damage their violation directly caused. See, e.g., *Capelle v. Baltimore & Ohio Railroad Co.* (1940), 136 Ohio St. 203, where the Supreme Court held that General Code, Section 7472 (now R.C. 5589.21), prohibiting obstruction of roads by railroads, was enacted to facilitate the movement of traffic and to discourage unnecessary blockades. Damages directly attributable to delay may be recovered, *Capelle*, at 208, although negligence *per se* is not available if the negligence was not the proximate cause of the damage. *Id.* We recognize that R.C. 5589.22 expressly authorizes recovery for damages for violation of R.C. 5589.21.

We find that R.C. 5589.01 *et seq.* were enacted to facilitate the safe movement of traffic on thoroughfares. Specifically, R.C. 5589.06 was enacted to prevent diversion of water onto a highway, with all its attended hazards, including the accumulation of unnatural patches of ice. If appellants succeeded in convincing the jury' that Hensons and Long violated this criminal statute, and that the violation directly and proximately caused the appellants damages, then they were entitled to recover even if the jury did not find that the Hensons and Long were negligent in filling the ditch.

We follow the Supreme Court's ruling that the Ohio nuisance laws were not enacted in order to prevent crime, and that an encroachment is not necessarily a nuisance simply because its design gives shelter to criminals. For this reason, we think that the plaintiff's theory of recovery in *Savransky* was just too attenuated. However, violations of R.C. 5589.01 have been held to constitute nuisances, see, e.g., *Zanesville v. Fannon* (1895), 53 Ohio St. 605. Here, where the statute was specifically enacted in order to prevent the accumulation of water on a highway, and where that statute was violated, creating the condition the statute was designed to prevent, then we find a *prima facie* case of nuisance.The assignments of error are sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and the cause is remanded to that court for further proceedings in accord with applicable law and not inconsistent with this opinion.

PUTMAN, P.J. concurs.

MILLIGAN, J. dissents.

In *1982*, the landowner adjacent to the highway (Henson) engaged the contractor (Long) to regrade an area adjacent to the highway. In *1984*, plaintiff (Becker) was injured when an auto driven by another defendant (Shaull) slid on ice, came across the center line, and collided with plaintiff.

The jury awarded a judgment of $800,000 to Becker, *et ux*, as a result of Shaull's negligence.

The jury found no negligence as to the landowner and contractor.

This appeal addresses only the adjunct claims against the landowner and contractor.

Procedural posture. Early on, the trial court granted summary judgment in favor of Henson and Long. We reversed and remanded for jury trial, finding that there were genuinely disputed facts as to negligence and proximate cause. *Becker v. Shaull* (Mar. 24, 1988), Richland App. No. CA-2553, 2557, unreported.

The trial court submitted the issues of negligence and proximate cause as to Henson and Long to the jury. Interrogatories were submitted to the jury. The jury unanimously answered that (1) Long was not negligent, (2) Hensons were not negligent, and (3) Plaintiff's injuries were caused 100% by Shaull. Record

item 44. The evidence during trial was in dispute as to whether the regrading was properly ditched to retard runoff onto the highway. Evidence was also in dispute as to whether there was, in fact, a runoff from the altered terrain. No interrogatory questioned whether the want of negligence of appellees was because they found no breach of duty or no proximate cause.

Appellants requested 16 special instructions. The challenge here is to the failure to give those that would have imposed strict liability upon the landowner and the contractor.

### I

In addition to the criminal sanctions (R.C. 5589.99 - minor misdemeanor) does R.C. 5589.06 impose civil, *per se*, liability upon one who violates its provisions?

The answer is "no." That conclusion is impelled by the holding of the Supreme Court that R.C. 5589.01, is not a "basis for recovering damages in a civil suit." *Savransky v. City of Cleveland* (1983), 4 Ohio St.3d 118, 447 N.E.2d 98.

To engraft a civil, strict liability label upon these sanctions would subject untold numbers of landowners to damage consequences for remote injuries. (Consider the landowner who blacktops his gravel drive leading down to the road; construction of a sidewalk with increased runoff.)

The negative conclusion is further impelled by the case relied upon by appellant:

"Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case." *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, syllabus 3.

In applying the rationale of *Eisenhuth* to the statute in question, it is plain to me that R.C. 5589.06 is "a legislative enactment expressing for the safety of others, in general or abstract terms a rule of conduct." The posture of the trial court in submitting the case to the jury on the question of due care as exercised by a reasonably prudent person under the circum-

stances was correct and gave the plaintiff his due.

The argument advanced by appellant that R.C. 3767.17 should govern is equally without merit. There is no evidence that defendants "wilfully" obstructed a ditch or diverted water onto the highway.

The first assignment of error should be overruled.

### II

Requested jury charges on nuisance were properly refused. No theory of absolute nuisance may be advanced because plaintiffs concede that defendants did not act intentionally. Qualified nuisance principles don't apply because the jury found that defendants did not act negligently. If they didn't act negligently, there is no prejudice in failing to submit the requested nuisance instructions See *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, and *Curtis v. Ohio State University* (1986), 29 Ohio App.3d 297.

The second assignment of error should be overruled.