ICKES et al., Appellants,

v.

TILLE et al., Appellees.

[Cite as *Ickes v. Tille* (1996), 110 Ohio App.3d 438.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S-95-048.

Decided April 19, 1996.

*Joseph F. Albrechta* and *John A. Coble,* for appellants.

*William H. Bracy,* for appellees.

*Per Curiam.*

This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas, which granted the summary judgment motion of appellees, Ellen Tille, individually and as the parent of Mark Tille, and Mark Tille, a minor. Appellants, Beau Ickes, by and through his parent, Angela Ickes,

and Angela Ickes, in her individual capacity, appeal that judgment and advance the following assignment of error:

"The trial court erred in granting summary judgement on appellants' fourth and fifth causes of action, as several material facts are in dispute and thus reasonable minds may conclude that appellees [are] liable for reckless acts which injured the appellant."

We note at the outset that appellants asserted five causes of action in their amended complaint. Summary judgment was granted on all five claims. Appellants appeal only the dismissal of their claim asserting that the reckless conduct of Mark Tille caused personal injury to Beau Ickes and Angela Ickes's derivative claim for loss of consortium.

The facts relevant to a disposition of this appeal are derived from the record, the depositions of Mark and Ellen Tille and the deposition of Beau Ickes. Although the parties cite the deposition of Kevin Damschroeder in their brief, that deposition is not part of the record on appeal. In addition, the record reveals that the only depositions filed in the trial court were those of the Tilles and Beau Ickes.

In March 1990, Mark Tille, then fourteen years of age, purchased two or three old golf clubs, golf balls and a golf bag from a garage sale. It is undisputed that Mark had never played a game of golf prior to this time, or even attempted to golf. Mark's knowledge of golf was derived from watching the game on television. After hitting a few golf balls, Mark placed the golf equipment in his garage.

Approximately one week later, on March 10, 1990, Mark and two of his friends, Kevin Damschroeder (then aged fourteen) and Beau Ickes (then aged thirteen), went to a card show. After the card show, they went to Mark's home, where they looked at their baseball cards. At some point, the boys decided to go outside to hit golf balls. According to Beau, who had no experience with the game of golf, Mark stated that he would show the other boys how to use the golf clubs and told them to stand in a line. Mark stated, however, that he went outside to his back yard and began hitting golf balls and the other two boys came out later. Mark could not recall ever telling Beau or Kevin how to line up.

It is uncontradicted that Mark showed Kevin how to grip a golf club. It is also undisputed that Beau was standing approximately two yards behind Kevin. After Mark moved away, Kevin swung the golf club; it struck Beau in the forehead, causing him serious injury.

Based on the foregoing incident, appellants filed suit against appellees. Appellees filed a motion for summary judgment in which they maintained, among other things, that because the boys were engaged in a recreational or sporting activity,

liability for Beau's injury could be imposed on Mark only if appellants demonstrated that Mark's conduct was reckless or intentional. They argued that, based on the facts offered below, no genuine issue of material fact exists as to whether the conduct of Mark Tille was reckless for the purpose of imposing liability for Beau Ickes's injury. The trial court agreed and granted appellees' motion.

Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ.R. 56(C) and view the evidence in a light most favorable to the nonmoving party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123, 1126–1127.

The burden of showing that no genuine issue exists as to any material fact falls upon the party requesting summary judgment. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. However, the nonmoving party may not rely on the bare allegations in his pleadings but must respond to the motion for summary judgment, by affidavit or otherwise, setting forth specific operative facts showing that there is a genuine issue for trial. *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118, 119, 4 OBR 364, 365–366, 447 N.E.2d 98, 99.

The substantive law applicable to the case before us is found in *Marchetti v. Kalish* (1990), 53 Ohio St.3d 95, 559 N.E.2d 699, syllabus, which provides:

"Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d."

Recklessness is not the same as negligence. Negligence consists of " 'mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency.' " *Marchetti v. Kalish*, 53 Ohio St.3d at 100, 559 N.E.2d at 703, fn. 3, quoting Restatement of the Law 2d, Torts (1965), Section 500, Comment *g*. On the other hand, conduct is in reckless disregard of the safety of another if the actor " 'does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' " *Id.* at 96, 559 N.E.2d at

700, fn. 2, quoting Restatement of the Law 2d, Torts, *supra*, at 587, Section 500. "Reckless misconduct" involves a "conscious choice of a course of action, either with the knowledge of serious danger to others involved in it or with the knowledge of facts that would disclose this danger to any reasonable man." Restatement, *supra*, at 590, Section 500, Comment *g*. The risk of harm the actor creates "must itself be an unreasonable one under the circumstances." *Id.* at 588, Section 500, Comment *a*.

In the case before us, appellants' brief sets forth nine "disputed material facts" that allegedly create a genuine issue of material fact on the question of the recklessness of Mark Tille's conduct. A reading of the record reveals that some of these facts are not in dispute, and, more important, most of the disputed facts cited by appellants are not facts material to the determination of appellees' motion for summary judgment.

The remaining facts set forth by appellants supposedly create a genuine issue of material fact on the question of whether Mark Tille was in control of, supervising and/or instructing Beau and Kevin and, therefore, owed a higher duty of care. Assuming that it was Mark's idea to golf, that Mark told the boys how to line up, and that he showed Kevin how to grip a golf club, these facts are insufficient to create a question of fact on the issue of whether Mark was an instructor who was supervising and controlling the other two boys. Rather, the facts epitomize the type of recreational activity envisioned by the Ohio Supreme Court when it set forth the rule in *Marchetti*. That is, three teenagers engaged in an activity which, under the circumstances of this case, could be classified as a neighborhood game. The risk that one of the participants might get hit when one of the other participants swings his golf club is a risk that is inherent to this activity. Thus, Mark Tille had no reason to foresee that his conduct created an unreasonable risk of harm or posed a substantial risk of harm to Beau Ickes. In conclusion, none of the facts offered by appellants created a question of material fact as to whether Mark made a conscious choice to practice golfing with his friends either with the knowledge of a serious danger to Beau or with the knowledge of facts that would disclose this danger to any reasonable man. Accordingly, the trial court did not err in granting appellees' motion for summary judgment. Therefore, appellants' sole assignment of error is found not well taken.

The judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal assessed to appellants.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., GLASSER and SHERCK, JJ., concur.