**ABBOTT, et al., Appellants,**

v.

**CITY OF PARMA, Appellee.**

[Cite as *Abbott v. Parma* (1996), 112 Ohio App.3d 570.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69569.

Decided July 15, 1996.

*Harlan D. Karp* and *Eugene I. Selker,* for appellants.

*William D. Mason,* Parma Law Director, and Michael C. O'Malley, Assistant Law Director, for appellee.

*Per Curiam.*

Plaintiffs-appellants Brett and Lori Abbott and Edmond and Gloria Metzger filed a complaint as both property owners and taxpayers of the city of Parma seeking equitable relief from the city pursuant to R.C. 733.59. The plaintiffs sought to prevent construction of a sidewalk on an easement of which they claimed they were unaware when they purchased their respective properties. This easement traversed the homeowners' properties. The plaintiffs claimed that a dispute existed between them and the city as to the rights and liabilities arising under the easement and whether there was an easement, by dedication or otherwise. The sidewalk in question would further extend over the property of an adjacent landowner, a nonparty to this action. The complaint of the plaintiffs was that the expenditure of public funds to construct a sidewalk terminating on private property is an unlawful and wasteful use of public funds and that such a sidewalk would create a public nuisance.

By agreement of the parties, the construction of the sidewalk was delayed pending trial of the issues. The trial court granted the defendant, city of Parma, leave to file a motion for summary judgment on the issues in the complaint. Plaintiffs opposed the motion, and the city was granted leave to file its reply brief.

The trial court granted the city's summary judgment motion. The plaintiffs timely filed this appeal.

■ This court reviews the lower court's granting of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157 ("We review the judgment independently and without deference to the trial court's determination."). The appellate court applies the same test as the trial court, which is set forth in Civ.R. 56(C):

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 274.

Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140.

In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 629 N.E.2d 513. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Celotex, supra,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

With these standards in mind, we address the plaintiffs' two assignments of error. Both claimed errors are based upon the lower court's grant of summary judgment in favor of the city. As we believe an issue included in the plaintiffs' second assignment of error to be determinative of the entire summary judgment motion, we shall consider the errors in the reverse order of their assignment.

For the reasons stated below, we reverse the decision of the trial court and remand the cause for further proceedings.

Plaintiffs' second assignment of error states as follows:

"The court below erred to the prejudice of appellant homeowners in granting summary judgment where there existed material issues of facts about: (A)

whether there existed a prescriptive easement in favor of the public over the lands of a private, non-party, property owner; and (B) whether the constructed sidewalk would create a public nuisance in its inducing trespass and subjecting school children to the clear dangers of automotive traffic."

The city moved for summary judgment on the bases that (1) the city had a valid easement traversing the property of the plaintiffs, (2) the legislation authorizing the pathway was neither arbitrary nor unreasonable and, therefore, should not be disturbed by the court, and (3) construction of the pathway would not create a public nuisance or an attractive nuisance. Plaintiffs opposed the motion, contending that the city may not build a sidewalk on private land and that this proposed sidewalk would create a public nuisance.

It is uncontroverted that the city has a valid easement over the property of the plaintiffs. No question of fact exists as to whether there is a prescriptive easement in favor of the public over the lands of the private nonparty property owner. The city concedes that no easement exists. At most, the city has a license to construct a sidewalk over the property known as the Shevchenko Manor. There exists no easement over the property of the Shevchenko Manor, either by prescription or record. A part of the sidewalk in question has been constructed upon the property described in the recorded easement of the city over the property of the plaintiffs pursuant to ordinance enacted by the Parma City Council. The work was performed by Calabrese Construction for the city at no monetary expense for the construction.

In their second assignment of error, the plaintiffs argue that a public nuisance will exist due to the construction of the proposed pathway by both encouraging children to trespass onto private property and by subjecting children to automotive traffic. The city argues that it has acted with a valid public purpose to permit easier access for pedestrians to various neighborhoods. In support of its motion, the city relies on the case of *Savransky v. Cleveland* (1983), 4 Ohio St.3d 118, 4 OBR 364, 447 N.E.2d 98, where the Supreme Court determined that summary judgment was proper in a case similar to the one *sub judice*. The appellant in *Savransky* claimed that the structure complained of constituted a nuisance. The *Savransky* court stated at 120, 4 OBR at 367, 447 N.E.2d at 100:

"Appellant's basic contention is that the encroaching structure constituted a public nuisance because it made crimes easier to commit. Yet, appellant put nothing on the record, apart from the unsupported allegations contained in her original complaint and repeated in her response, to support her theory."

In this instance, the city's reliance on *Savransky* is misplaced. Unlike the appellant in *Savransky,* in the matter *sub judice,* the plaintiffs properly sup-

ported their brief in opposition to the city's motion for summary judgment with the affidavit of Robert C. Hill, a city planner, to support their claim that the walkway would create a public nuisance. After a review of the facts associated with the proposed walkway, Hill opined in his letter of opinion of April 27, 1995 that the "basic criteria for any walkway intended to serve elementary school children is safety. The City's walkway proposal fails this basic criteria." Further, on May 9, 1995, after a visual inspection of the property, Hill stated in an opinion letter, "It can only be assumed that the City considers the vehicular drive serving the Manor as a portion of the John Muir pathway. Suggesting that pedestrians, especially school children, walk in the street is totally unconscionable."

The exact location of the pathway and whether the pathway would create a public nuisance is undetermined within the record before us. By filing an affidavit in opposition to the city's motion for summary judgment, the plaintiffs have effectively raised a triable issue of fact not susceptible of summary judgment.

Therefore, we find appellants' second assignment of error is well taken. The trial court erred in granting summary judgment to the city where a question of fact remained.

We next consider the plaintiffs' first assignment of error, which states as follows:

"The court below erred to the prejudice of plaintiffs in granting summary judgment because as a matter of law a city should not be permitted to construct a public sidewalk over private property in the clear and admitted absence of a recorded permanent sidewalk easement and in the presence of only a mere, suspect revocable license for construction given by an agent of the nonparty property owner. Such sidewalk, under the circumstances, is a waste of public funds warranting equitable and declaratory relief."

The plaintiffs' first assignment of error goes to the question of whether the city may exercise its powers to construct a sidewalk over property over which it has no easement. They argue that there is no permanent easement in favor of the city over the parcel of Shevchenko Manor and no record access to a public right-of-way for the sidewalk. They contend that without a permanent right to egress and ingress over such private property, the proposed public sidewalk serves to benefit only a private property owner and, as such, is subject to closure. City funds are thereby wasted. The city lacks a written easement for a sidewalk on this property, and, at most, the city has a license. Plaintiffs argue that the sidewalk expenditure should be declared unlawful because to construct and maintain a temporary sidewalk is unlawful under these circumstances and a waste of taxpayer resources.

It is the position of the city that the Parma City Council exercised its power on behalf of the public and with public purpose. See *Gordon v. Rhodes* (1951), 156 Ohio St. 81, 45 O.O. 93, 100 N.E.2d 225. A municipality has broad discretion in determining what constitutes a public purpose. *Willott v. Beachwood* (1964), 175 Ohio St. 557, 26 O.O.2d 249, 197 N.E.2d 201. "The determination of what constitutes a public purpose is primarily a legislative function, subject to review by the courts when abused, and the determination of the legislative body of that matter should not be reversed except in instances where such determination is palpably and manifestly arbitrary or incorrect." *Gordon,* 156 Ohio St. at 92, 45 O.O. at 97–98, 100 N.E.2d at 231.

The power of a municipality to determine land-use policy is a legislative function which will not be interfered with by the courts unless it is exercised in an arbitrary, confiscatory or unreasonable manner. *Willott, supra.*

The record before us indicates that the city had a clear, stated public purpose, that of providing a walkway for the public, which supported the legislation to construct the sidewalk. However, if the walkway, as proposed, would be shown to be a public nuisance as the plaintiffs have claimed in their second assignment of error, then the proposed purpose might be said to be unreasonable and, as such, may not be considered a valid public purpose for which public funds may be expended.

Accordingly, in light of our determination in the plaintiffs' second assignment of error that a question of fact remains to be litigated which could be determinative of the issues presented in their first assignment of error, we now determine that the first assignment of error is moot.

Therefore, to the extent that the summary judgment was granted on the basis that the city has been shown to have a valid easement over the property of the plaintiffs' the decision of the trial court is affirmed. On the remaining claims upon which the city moved for summary judgment, we reverse the decision of the trial court which granted summary judgment and remand these claims to the lower court for further proceedings consistent with this opinion.

*Judgment accordingly.*

JAMES D. SWEENEY, P.J., PATRICIA ANN BLACKMON and TIMOTHY E. MCMONAGLE, JJ., concur.