Judgment Acquisition Corporation appeals from an order of the common pleas court granting summary judgment in favor of Paul Rhodes in connection with default on a mortgage note that Rhodes signed. Judgment Acquisition contends on appeal it is entitled to judgment on the note and urges reversal. After a careful and thorough review of the record presented to us in this case and application of the law, we have concluded that the assignments of error are not well taken, and therefore, we affirm the judgment of the trial court.
The record reveals that on August 5, 1988, Rhodes, a Florida resident and a partner in Broward Land Partnership, signed a $3,650,000 secured mortgage note in favor of Ohio Savings Bank, an Ohio banking corporation. Broward subsequently defaulted on the note, and Ohio Savings sued to foreclose on the note in the Broward County Circuit Court. The Florida court then granted judgment in favor of Ohio Savings and ordered the mortgage foreclosed and the property sold. It also determined that Rhodes owed the bank $700,350.22, and no appeal has been taken from that order.
Thereafter on February 18, 1994, Judgment Acquisition, a Florida corporation, purchased the note from Ohio Savings and filed a complaint in the Cuyahoga County common pleas court seeking a monetary judgment against Rhodes for his default on the mortgage note. Rhodes filed a motion to dismiss the action.
On September 15, 1997, Judgment Acquisition filed a motion seeking a default judgment or summary judgment; Rhodes opposed and filed a cross-motion for summary judgment. On June 18, 1998, the court granted summary judgment to Rhodes. From that judgment, Judgment Acquisition now appeals and raises the following two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Judgment Acquisition argues that because it had not been named as a party to the foreclosure action in Florida, the foreclosure has not and will not take place, and as a holder, it is entitled to pursue judgment on the mortgage note. Rhodes urges that the Florida judgment merged the note and foreclosure and that an action in Ohio on the same mortgage note is precluded by the doctrine of res judicata.
The issue here then concerns whether Judgment Acquisition as a holder of the note may separately pursue its action on the note in Ohio despite the Florida judgment of foreclosure which originated from that note and which Ohio Savings prosecuted.
We begin by noting that this court reviews the trial court's grant of summary judgment de novo. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704; Abbott v. Parma (1996),112 Ohio App.3d 570. Civ. R. 56(C) sets forth the standard of review for cases involving summary judgment:
 * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
In Brigel v. Creed (1901), 65 Ohio St. 40, the Ohio Supreme Court long ago addressed this issue at paragraph two of its syllabus:
 Where a suit was brought to foreclose . . . and at the same time a separate suit was commenced in the same court for a judgment on the note, there was a finding made of the amount due in the first suit, and an order of sale, and execution awarded for any balance remaining due. Held, that the note thereby became merged in the finding and judgment first entered, and that no judgment could thereafter be taken upon the note in the second suit.
* * *
 In Spence v. Insurance Co., 40 Ohio St. 518, it was held that the pendency of an action of foreclosure is not a bar to an action upon the note for a judgment. This may be true. Until a judgment has been rendered, there is no merger of the cause of action. The effect of a finding of the amount due and an order of sale in a foreclosure suit, with an award of execution for any balance, was not determined or presented in that suit. (Emphasis added.)
Moreover, a valid final judgment upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Sharper v. Tracy (1996), 76 Ohio St.3d 241.
In this case, the record reflects that the Broward County Circuit Court ordered foreclosure and sale of the parcel of property used by the Broward Land Partnership to secure the mortgage. Thus, the note acquired by Judgment Acquisition had previously been the subject of a Florida judgment and the instant Ohio action on the same note is barred by the doctrine of resjudicata in accordance with Brigel. Therefore upon review, we have concluded no genuine issues of material fact exist, and based on the substantive law applicable to this case, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO A. SPELLACY, J., and JAMES D. SWEENEY, J., CONCUR
 _____________________________ PRESIDING JUDGE TERRENCE O'DONNELL