OPINION
Plaintiffs-appellants, Lori and Mark Evans, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Jack and Toinette Wills, who are parties as legal guardians of Joe Wills, a minor, and in their individual capacity.
Appellants filed a complaint on January 6, 2000, asserting causes of action for negligence, negligent supervision and loss of consortium, and seeking damages related to injuries sustained by Lori Evans in an accident involving a bicycle ridden by Joe Wills. Appellees filed an answer on March 15, 2000, asserting the defenses of comparative negligence and assumption of the risk. Appellees then filed a motion for summary judgment on January 31, 2001, asserting that summary judgment was appropriate because both Evans and Wills were involved in recreational activities and because there is no evidence that Wills behaved recklessly or intentionally. Appellants filed a memorandum contra on February 16, 2001, arguing that Evans was not engaged in a recreational activity and further that she was not involved in a recreational activity with Wills. In their reply to appellants' memorandum contra, appellees asserted that there is no requirement of a competitive element or that the parties are co-participants in a recreational activity for the recreational or sports activity exception to apply. On March 8, 2001, the trial court issued a decision granting appellees' motion for summary judgment, finding that the recreational or sports activity exception to liability for negligence was applicable and that there was no evidence of reckless or intentional actions by appellees. A final judgment entry was filed on March 30, 2001. Appellants filed a timely notice of appeal.
On appeal, appellants assert one assignment of error:
 The trial court erred when it granted summary judgment to the defendants-appellees based upon the "recreational or sports activity" exception to liability for negligence.
Lori Evans and her niece, Kelly Ortman, were walking on the multi-use trail at Sharon Woods Metro Park in Franklin County, Ohio, on March 3, 1999. Evans had been walking there during her lunch for six years, approximately two to three times per week. According to her deposition testimony, she liked to walk because it helped her maintain her weight. The trail is twelve-feet wide and is divided into two, six-feet-wide lanes, with one lane designated for pedestrians and the other designated for bicycles. Under park rules, bicyclists are required to travel in a counterclockwise direction, while it is merely suggested that pedestrians travel in a clockwise direction. On the day of the accident, Evans and Ortman were traveling in a counterclockwise direction, with Evans closest to the midline dividing the lanes and Ortman on the right side closest to the grass. They were walking in the pedestrian lane having a conversation, when they heard someone say "watch out." They turned to look around, and Ortman observed Joe Wills on a bicycle, riding very fast and clearly riding out of control. Wills' bicycle was in the pedestrian lane, and he struck Evans from behind. Evans was thrust forward and landed on her side. Wills had been accompanied by his mother to the park that day, but he was out of her sight at the time of the collision. As a result of the collision, Evans' leg was broken in five places and required the insertion of a steel plate in her ankle. Evans was required to undergo a total of three surgeries, and she continues to suffer from pain and limited mobility.
In appellants' single assignment of error, they argue that the trial court erred by granting summary judgment on the basis of the recreational or sports activity exception to liability for negligence. We agree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 58. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * [State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511
(citing Temple v. Wean United, Inc. [1977], 50 Ohio St.2d 317, 327).]
Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The trial court concluded that, because both Evans and Wills were engaged in recreational activities, the recreational or sports activity exception to liability for negligence applied. The trial court found that it was immaterial that Evans was not participating in a recreational activity with Wills. Appellants argue that the recreational and sports activity exception does not apply because walking is not a recreational activity, because few Ohio courts have extended this exception beyond co-participants and because a person's purpose in engaging in an activity should alone not eliminate the duty of ordinary care owed to that person by others. Appellees counter that no genuine issue of fact remains and that the trial court was correct in applying the recreational and sports activity exception as a matter of law. Additionally, appellees argue that appellants offer no legal authority supporting their arguments.
In Marchetti v. Kalish (1990), 53 Ohio St.3d 95, syllabus, the Supreme Court of Ohio established the recreational and sports activity exception to liability for negligence:
 Where individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either "reckless" or "intentional" as defined in Sections 500 and 8A of the Restatement of Torts 2d.
In Marchetti, the plaintiff was injured while playing "kick the can" with the defendant and a group of other children. Id. The Supreme Court of Ohio found that the plaintiff had voluntarily participated in the recreational activity and assumed the ordinary risks of "kick the can," so she could not recover for any injury absent proof of reckless or intentional behavior by the defendant. Id. at 100-101. Similarly, in Thompson v. McNeill (1990), 53 Ohio St.3d 102 (decided the same day as Marchetti), the Supreme Court of Ohio found that the plaintiff, who was golfing with the defendant and two other individuals, could not recover for injuries sustained when the defendant's golf ball struck her. Id. The Supreme Court of Ohio followed the rule of Marchetti and held that:
 1. Between participants in a sporting event, only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action. There is no liability for injuries caused by negligent conduct. (Marchetti v. Kalish [1990], 53 Ohio St.3d 95, 559 N.E.2d 699, approved and followed.)
 2. A player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct. [Id. at syllabus.]
Moreover, the Supreme Court of Ohio in Thompson explained why those engaged in a recreational or sports activity are held to a different standard:
 Acts that would give rise to tort liability for negligence on a city street or in a backyard are not negligent in the context of a game where such an act is foreseeable and within the rules. For instance, a golfer who hits practice balls in his backyard and inadvertently hits a neighbor who is gardening or mowing the lawn next door must be held to a different standard than a golfer whose drive hits another golfer on a golf course. A principal difference is the golfer's duty to the one he hit. The neighbor, unlike the other golfer or spectator on the course, has not agreed to participate or watch and cannot be expected to foresee or accept the attendant risk of injury. Conversely, the spectator or participant must accept from a participant conduct associated with that sport. Thus a player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct. Were we to find such a duty between co-participants in a sport, we might well stifle the rewards of athletic competition. [Id. at 104.]
Because the parties in Thompson were engaged in a recreational activity (golf) and because a bad shot is foreseeable and not uncommon in golf, the Supreme Court concluded that summary judgment for the defendant was appropriate. Id. at 106.
This court has followed the Marchetti rule to find that a plaintiff injured while training a horse could not recover for injuries sustained when another horse that was also being trained broke loose from its handlers and collided with the plaintiff. Fout v. The Ins. Co. of Evanston (June 30, 1997), Franklin App. No. 96APE12-1680, unreported. This court affirmed the grant of summary judgment to the defendants because the parties were all involved in the recreational activity of training horses for racing. Id. In Barnhart v. Jackson (Mar. 2, 1995), Franklin App. No. 94APE08-1124, unreported, this court held that a plaintiff who was fishing with the defendants could not recover for injuries sustained when one defendant tugged on his fishing line, which was caught in trees, and it came loose, striking the plaintiff in the eye with the hook. Citing Marchetti and Thompson, this court concluded that fishing was a recreational activity and that tugging on a snagged line was a customary practice of fishermen, so the plaintiff could not recover absent proof of recklessness or intentional conduct. Id.
Initially, we agree with appellees that no genuine issues of material fact exist and that this appeal presents only a question of law. Although appellants argue that Evans was not engaged in a recreational activity, based upon her deposition testimony, we find that Evans' walking two to three times per week for six years during her lunch constitutes a recreational activity. As such, she assumed the ordinary risks of walking and cannot recover for negligent conduct that is a foreseeable, customary part of the recreational activity of walking absent proof of intentional or reckless conduct. Marchetti; Thompson.
However, we find that being struck by a bicycle rider is not a foreseeable or customary risk of walking. As such, we decline to apply Marchetti under these circumstances. In Marchetti, the Supreme Court of Ohio decided that negligent conduct for those who engage in a recreational or sports activity is normally not actionable because "they assume the ordinary risks of the activity." Marchetti, at syllabus (emphasis added). In Thompson, the Supreme Court of Ohio also focused on "participants in a sporting event" and held that there can be no recovery for negligent "conduct that is a foreseeable, customary part of the sport." Thompson, at paragraphs one and two of the syllabus (emphasis added). As the Supreme Court of Ohio explained in Thompson, participants or voluntary spectators of recreational or sports activities agreed to participate or watch and accept the foreseeable and customary risks of injury associated with the sport. Id. at 104. Thus, Marchetti and Thompson only apply to cases instituted by parties engaged in the same recreational or sports activity.
The overwhelming majority of Ohio courts, including this court, have only applied Marchetti to cases where the plaintiff and defendant were involved in the same recreational or sports activity. See, e.g., Fout, supra (this court applying Marchetti to affirm grant of summary judgment where parties were separately engaged in training horses); Ickes v. Tille (1996), 110 Ohio App.3d 438, 442 (Sixth District applying Marchetti to affirm grant of summary judgment where parties were swinging a golf club together); Moore v. Southeastern Local School Dist. (Mar. 29, 1996), Clark App. No. 95-CA-23, unreported (Second District applying Marchetti to affirm grant of summary judgment where parties both chose to participate in the shot put activity as part of their physical education final exam); Barnhill v. Tipple (June 13, 1995), Fairfield App. No. 47-94, unreported (Fifth District applying Marchetti to affirm grant of summary judgment where parties were golfing separately when injury occurred); Barnhart, supra (this court affirming grant of summary judgment where parties were fishing together); Zinn v. Cattell (Mar. 18, 1994), Ashtabula App. No. 93-A-1831, unreported (Eleventh District applying Marchetti and Thompson to affirm grant if summary judgment where parties were flying radio-controlled model airplanes as part of a model airplane club). Moreover, as appellants assert, Justice Resnick, who authored Marchetti, has also signaled a desire to limit its scope. Spangler v. Kehres (1996), 75 Ohio St.3d 1218 (Resnick dissenting to sua sponte dismissal of appeal as having been improvidently allowed).
The case law cited by the trial court and appellees that suggests that Marchetti should be expanded to non-participants is distinguishable and unpersuasive. In Whitaker v. Davis (Jan. 27, 1997), Warren App. No. CA96-07-060, unreported, a teenager was killed while riding a motorcycle without a helmet at his friend's house. The plaintiff sued the decedent's friend, who was with him at the time of the accident but not participating, and his friend's parents, who were not present but owned the motorcycle, for negligence. Id. The trial court granted summary judgment for the defendants, finding in part that recovery was barred by the recreational and sports activity exception to liability for negligence. Id. On appeal, the Twelfth District concluded that riding a motorcycle is a recreational activity and affirmed the grant of summary judgment for the defendants because the plaintiff did not argue that the defendants acted in an intentional or reckless manner. Id. The court indicated that "the purpose of the Marchetti standard is to require participants in recreational activities to assume the risks of the activity." However, the court then stated that "[t]he Marchetti standard of recovery from participants should be extended to non-participants. It is not logical to require `reckless' or `intentional' conduct for recovery against participants, yet allow recovery against non-participants based upon the lower standard of `negligence.'" Id.
In Staadecker v. The Emerald Heath Network, Inc. (Dec. 16, 1993), Cuyahoga App. No. 64191, unreported, the plaintiff was participating in a triathlon when a volunteer who was passing out food to contestants stepped in front of his bicycle causing him to wreck and sustain injuries. The plaintiff sued the sponsor of the event, and the trial court granted a directed verdict at the close of the plaintiff's opening statement. Id. On appeal, the Eighth District indicated that:
 [Defendant] argues that it was entitled to a directed verdict because there were no allegations or evidence in the opening statement that [defendant] acted willfully or wantonly. An athlete assumes the risk of injuries in the ordinary course of playing a sport. Marchetti v. Kalish (1990), 53 Ohio St.3d 95, 559 N.E.2d 699. The sponsor of an event may be liable only for injuries arising from its wanton or willful conduct. * * * [Id.]
Thus, the court affirmed the grant of a directed verdict for the defendant. Id.
In Karlovich v. Nicholson (Sept. 30, 1999), Lake App. No. 98-L-097, unreported, a plaintiff who was injured while riding a horse sued the owner of the horse and owner of the track, and the trial court granted summary judgment for the defendants. On appeal, the Eleventh District analyzed the case on the basis of the duty owed by a social host to a guest. Id. The plaintiff was a friend of the defendants and frequently helped care for the horse. Id. Because the plaintiff was aware that riding the horse was dangerous based on her prior experience with the horse, the court concluded that the defendants owed no duty to warn the plaintiff of the danger, that any failure to warn was not a proximate cause of the plaintiff's injuries because she was aware of the risk, and that the plaintiff's conduct amounted to primary assumption of the risk of riding the horse. Id. However, then the court engaged in an analysis of Marchetti and Thompson, and stated that "Ohio's appellate courts have applied Marchetti and Thompson to hold that recreational activity participants are similarly barred from bringing suits sounding in negligence against sponsors or other non-participants of the recreational activity." Id., citing Staadecker.
In Whitaker, Staadecker and Karlovich, the recreational activity participant was injured while participating in the activity and sued the non-participating sponsor or owner for foreseeable and customary injuries arising in the recreational activity. The appellate courts all extended Marchetti to non-participants to shield the non-participating defendants from liability, without any citation to authority or a careful analysis of Marchetti or Thompson, neither of which addressed the liability of non-participants. All three cases should have been analyzed under the negligence standard with consideration of comparative negligence or primary assumption of the risk instead of unnecessarily expanding Marchetti. In fact, a careful read of Karlovich reveals that the court did rely on a negligence analysis, concluding that the defendants owed no duty and that the plaintiff assumed the primary risk as a matter of law. Karlovich, supra. Thus, any discussion of Marchetti in Karlovich was merely dicta. Moreover, as unreported cases from other appellate districts, none of the three are controlling or even persuasive authority on this court. Rep.R. 2(G)(2). Thus, we decline to follow Whitaker, Staadecker and Karlovich.
Because we conclude that Marchetti does not apply to insulate appellees from liability for negligence, the trial court erred as a matter of law in granting summary judgment for appellees on this basis. Therefore, appellants' single assignment of error is sustained.
Based upon the foregoing reasons, appellants' single assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
TYACK, J., concurs.
BROWN, J., concurs in judgment only.